IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cr-00359-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GUSTAVO BROCATO MEDINA,

       Defendant.
_____

**ORDER GRANTING MOTION FOR RECONSIDERATION**
_____

This matter is before the Court on the United States' **Motion for Reconsideration of Government's Motion for Detention Pending Trial** [#14][1] (the "Motion"). The government filed a **Supplement to Motion for Reconsideration** [#16] and the Defendant filed a **Response to Motion for Reconsideration** [#19]. The Court held a hearing on the Motion on September 29, 2014. The Court has reviewed the pleadings and case file and is fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED.**

**I. Background**

Defendant, who was born in Honduras, is charged with possession and distribution of child pornography. *See generally Indictment* [#1]; *Pretrial Services Report* [# 24]. On September 23, 2014, the Court held a detention hearing regarding Defendant pursuant to 18 U.S.C. § 3142. The United States Probation Office did not conduct a bail interview with

---

[1] [#14] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

1

Defendant prior to the detention hearing because the United States Bureau of Immigration and Customs Enforcement ("ICE") had filed an immigration detainer against the Defendant. *Pretrial Services Report* [#24] at 1.

At the time of the detention hearing, the Defendant demonstrated that he had received a "Notice of Deferred Action" from the United States Citizenship & Immigration Service ("USCIS") dated June 5, 2013, which indicated that the United States government had deferred action to remove him from the country pursuant to a Department of Homeland Security program allowing the exercise of prosecutorial discretion with respect to individuals who came to the United States as children. Defendant's Notice of Deferred Action is valid through June 4, 2015.[2]  For that reason, Defendant argued that he was not subject to immediate deportation by ICE, and there was otherwise no reason to believe that he was a flight risk. Defendant sought release on bond with conditions. The Court agreed with Defendant and ordered him released on bond with conditions, including electronic monitoring. A bond release hearing was scheduled for September 26, 2014.

Before the bond release hearing was held, the government filed the Motion at issue here, which asks the Court to reconsider its decision to allow the Defendant to be released on bond. The government argues that Defendant's deferred action for childhood arrivals

---

[2] Defense counsel marked certain written exhibits for the Court's reference at the detention hearing, but did not offer them into evidence. The Court takes judicial notice of government documents and attaches them as exhibits to this Order. The Notice of Deferred Action is attached as Exhibit A.  *See* Fed. R. Evid. 201(b); *Ermini v. Vittori*, 758 F.3d 153, 156 n.2 (2d Cir. 2014) (taking judicial notice of "documentation regarding changes in [defendant's], and her children's, immigration status"); *United States v. Davis*, 508 F.App'x 606, 609 (9th Cir. 2013) (taking judicial notice of state court documents); *United States v. Hibbit*, 514 F.App'x 594, 598 n.2 (6th Cir. 2013) (taking judicial notice of previous indictment); *United States v. Jones*, 574 F.3d 546, 551 (8th Cir. 2009) (taking judicial notice of charging documents).

("DACA") status has been terminated by USCIS,[3] he is subject to an Order of deportation which may be effectuated immediately,[4] and he is therefore a "flight risk" for purposes of the bond determination.  *Motion* [#14] at 1-2.  The government further pointed out that the DACA termination notice explicitly provides that "an appeal or motion to reopen/reconsider this decision may not be filed on behalf of the requestor."

In his Response to the Motion, Defendant attaches an affidavit from an immigration attorney, Juan J. DePedro.  *See generally Response, Exh. 1* [#19-1].  Mr. DePedro states that Defendant "has been subject to removal from the United States since the age of 13, when . . . the Immigration Judge . . . ordered Mr. Brocato removed *in absentia*.  Mr. Brocato's removal has been deferred due to his DACA status. . . . "  *Id.* at 2.  Mr. DePedro opines that "Mr. Brocato's removal from the United States prior to a conviction on the charges he is facing would be a violation of his due process rights."  He further opines that Defendant could file a motion to reopen the deportation proceedings with the Immigration Court, and that Defendant would thereafter be "eligible for an immigration bond."  *Id.* at 3.  Accordingly, Defendant asserts that he may not be subject to immediate deportation, he is not a flight risk, and granting of bond in connection with his criminal charges is appropriate under the circumstances.

## II. Analysis

The Bail Reform Act mandates that the Court determine whether pretrial release of

---

[3] The termination notice is attached as Exhibit B.

[4] The deportation Order was entered *in absentia*, purportedly after proper notice of the deportation hearing to Defendant.  A copy is attached as Exhibit C.  A legible copy may be viewed on the electronic docket at #16-1.

a person charged with an offense will "reasonably assure the appearance of the person as required" and will not "endanger the safety of any other person or the community."  18 U.S.C. § 3142(c).  If the Court determines that there is a combination of conditions that the Court can impose that will reasonably assure the appearance of the person and the safety of the community, the Court must impose "the least restrictive" of such conditions.  18 U.S.C. § 3142(c)(1)(B).

The question of whether there are conditions of release that will ensure the appearance of a defendant who is subject to an immigration detainer is not often adjudicated, because most such defendants do not contest detention.  In this case, Defendant asserts that the presumption in favor of detention[5] has been overcome because he will not be immediately forced to leave the country, and there is no other reason to believe that he is a flight risk.  Defendant cites his excellent high school record, his high school graduation in 2010,[6] his employment authorization card,[7] and his clean criminal record.  *Pretrial Services Report* [#24] at 2.

The determination of whether Defendant is a flight risk primarily depends on his immigration status.  If, for example, he is eligible for an immigration bond and not subject to immediate deportation, this Court would be hard pressed to find that he is a flight risk and should therefore be detained pending resolution of his child pornography charges. On the other hand, if he is subject to immediate deportation, then of course his appearance in

---

[5] The charges against Defendant carry a presumption that release on bond is not appropriate. 18 U.S.C. § 3142(e)(2)(A) and (f)(1)(E).

[6] *See* exhibits D and E.

[7] *See* Exhibit F.

4

this court in the future is problematic.[8]

The Court finds that Defendant's immigration status is such that he is at immediate risk of deportation. As a result, there is no combination of conditions that the Court can impose that will reasonably assure his appearance in Court in the future, and he may not be released on bond.

Under 8 U.S.C. § 1229a(b)(5)(A), Defendant may indeed file a motion to reopen the *in absentia* deportation order. Moreover, "the filing of the motion to reopen . . . shall stay the removal of the alien *pending disposition of the motion* by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C) (emphasis added). The regulations enacted pursuant to the statute create a "mandatory stay" which is violated when ICE agents deport an alien who has filed a motion to reopen an *in absentia* deportation order for lack of notice. 8 C.F.R. § 1003.23(b)(4)(iii)(C); *Avalos-Palma v. United States*, No. 13-5481(FLW), 2014 WL 3524758, at *8 (D.N.J. July 16, 2014).

However, there is no legal requirement for a hearing regarding any motion to reopen, and nothing to prevent the Immigration Judge from immediately denying it and ordering deportation. The procedural rules of the Immigration Court allow the filing of a response to a motion to reopen "fifteen days after the motion was received by the Immigration Court, *unless otherwise specified* by the Immigration Judge." Immigration Court Practice Manual

---

[8] The relative absurdity of the situation is not lost on the Court. The United States Department of Justice wants the Defendant detained in federal custody pending trial on criminal charges, while the USCIS has been spurred to remove him from the country due to those charges. As a result, one federal government agency argues that the Defendant is a flight risk because another federal government agency is going to deport him. To add to the folly, a decision to detain Defendant in this case will likely not ensure his appearance in this court in the future. Defendants in criminal matters against whom immigration detainers have been filed are routinely deported regardless of the fact that the federal court has ordered them "detained" on criminal charges pending trial.

§ 5.7(c) (Dep't of Justice updated Oct. 2013) (emphasis added).  Thus, the Immigration Judge has discretion as to whether to permit filing of a response to a motion to reopen an *in absentia* deportation order.  And although there is no Tenth Circuit case on point, according to the Sixth Circuit Court of Appeals, "the denial of a motion to reopen . . . is a discretionary decision, and this court has held that such a decision does not implicate due process."  *Mhaidli v. Holder,* 381 Fed. Appx. 521, 2010 WL 2545474, at *3 (6th Cir. June 11, 2010).  In the context of petitions for writs of *habeas corpus*, the Tenth Circuit has recognized that "the procedural safeguards [regarding decisions to admit or exclude aliens] are minimal because aliens do not have a constitutional right to enter or remain in the United States."  *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir. 2001).

In short, the Court concludes that because Defendant may be subject to immediate deportation, there is no combination of conditions that the Court may impose that will reasonably assure his appearance in Court in the future.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Defendant is ordered detained pursuant to 18 U.S.C. § 3142(e)(1).

October 2, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge